## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
Plaintiff

V.

8.80 ACRES OF LAND, MORE OR LESS,
IN FREDERICK COUNTY, MARYLAND
AND TIMOTHY PRY, ET UX., et al., BY
Defendants,

FILED ____ ENTERED
LODGED ____ RECEIVED

FEB 2 2 2000

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

UNITED STATES OF AMERICA,
Plaintiff

V.

42.61 ACRES OF LAND, MORE OR
LESS, IN FREDERICK COUNTY,
MARYLAND AND HEIRS OF ANNA
CARROLL HORSEY , et al.,
Defendants,

and

UNITED STATES OF AMERICA,
Plaintiff

V.

19.75 ACRES OF LAND, MORE OR
LESS, IN FREDERICK C0UNTY,
MARYLAND AND THE HEIRS OF
ERASMUS WEST, et al.,
Defendants,

Civil JFM-97-4196
Civil JFM-97-4197
and
Civil JFM-93-2612

HON. J. FREDERICK MOTZ

**FINAL JUDGEMENT**





This consolidated federal condemnation matter came before the Court for a

hearing on September 24, 1999, which was continued on October 14, 1999, to determine

issues of 1) boundaries and ownership, 2) the amount of just compensation to be paid for the

property taken and 3) the proper distribution of said just compensation. Lewis M. Baylor and

Joy Ryan appeared at the hearing as counsel for plaintiff, the United States of America. James

J. Demma appeared as counsel for defendants Randolph Butler, Madeline Butler, Reginald

Butler, Gary Wayne Scott, Carl Butler, Kathy Butler, Lorraine Butler, Annette Butler and

Leslie DelRosario. Christine K. McSherry appeared as counsel for defendant, State of

Maryland. Defendants appearing in their own behalf were Richard L. Pry, Timothy E. Pry,

Edmond M. Koontz, Charles Caroll Carter, Adrian Iselin Lee, Jr., and John Mathias Kopper,

III. The property taken is described in the original Complaints as Tracts

> 407-22 (West),
>
> 407-36 (Horsey - south parcel),
>
> 407-53 (Koontz),
>
> 407-41 (Tim Pry), and
>
> 407-55 (Horsey - north parcel).

By an Amended Complaint filed simultaneously herewith, the estate taken was

amended to exclude water rights, if any, reserved in a 1947 conveyance of a portion of the

land of the State of Maryland, and the description of the property taken was amended to

include an additional 11.164 acres of land, more or less.

2

There are no parties having an interest in the additional land other than parties already properly joined in this consolidated action. Service of Process as to unknown owners was completed by publication in all three cases in accordance with Federal Rule of Civil Procedure 71A(d)(3)(ii). Notices of the hearing on September 24, 1999, and of the filing of the Amended Complaint, were mailed to all known parties in interest. The Court, having heard the evidence presented by the United States of America, plaintiff herein, and by all of the defendants herein who chose to present evidence, including evidence relating to the lands added by the Amended Complaint, and having determined that these proceedings have been conducted according to law and that this Court has jurisdiction of the parties and the subject matter, and being fully advised in the premises,

IT IS ADJUDGED, ORDERED AND DECREED on this ____ day of February, 2000 that:

1) The property taken, identified in the Complaints in all three cases, and in the Amended Complaint to the consolidated cases, shall be reconfigured into ten parcels. These parcels are identified in the chart in paragraph "2" below by "New Tract" designations and by acreage. Metes and bounds descriptions of each of the New Tracts (the descriptions of New Tracts 407-55, Parcel A and 407-55, Parcel C are combined into a single description) appear in Amended Schedule "B" attached to the Amended Complaint. A copy of this Amended Schedule "B" is attached hereto.

3

2)    The parties listed in the following chart are hereby found to be vested solely and

exclusively with fee simple title in the respective New tracts as indicated:

| New Tract No. | acreage | Fee Title Owner |
|---|---|---|
| 407-22, Parcel A | 19.75 | The Butler group of defendants |
| 407-22, Parcel B | 0.29 | Richard Pry and Patricia Pry |
| 407-22, Parcel C | 0.19 | The Heirs of Erasmus West |
| 407-36, Parcel A | 7.81 | The Butler group of defendants |
| 407-36, Parcel B | 20.57 | The Heirs of Anna Horsey |
| 407-36, Parcel C | 0.68 | Edmond M. Koontz and Patricia R. Mulligan Koontz |
| 407-41 | 8.80 | Timothy E. Pry |
| 407-55, Parcel A and Parcel C | 19.18 | Richard Pry and Patricia Pry |
| 407-55, Parcel B | 2.17 | The Heirs of Anna Horsey |

3)    Except as noted in paragraph 2 above, no other party has any right, title or

interest, including any lien interest, in the subject land. The Court recognizes

that "The Heirs of Erasmus West", "The Heirs of Anna Horsey", and "The Butler

group of defendants" are each open classes whose members and their respective

interests are and will remain, in varying degrees, unknown, until such times as all

claims by such members have been properly adjudicated. The first two classes are

adequately defined by their names. The latter class, designated as "The Butler

group of defendants" is defined as the group of individuals or entities who hold

4

some interest in land described in a deed from Gertrude Lee to George W. Butler
and William M. Holland, dated November 15, 1949, recorded in Liber 481, Folio
548, among the Land Records of Frederick County, Maryland.

4)      That the full just compensation for the taking of the estate described in the
Amended Complaint in the New Tracts -- excepting New Tract 407-36, Parcel C,
which will be addressed in a separate judgment – is as follows:

| New Tract No. | acreage | just compensation per acre | total just compensation |
|---|---|---|---|
| 407-22, Parcel A | 19.75 | $3,300.00 | $65,175.00 |
| 407-22, Parcel B | 0.29 | $3,300.00 | $957.00 |
| 407-22, Parcel C | 0.19 | $3,300.00 | $627.00 |
| 407-36, Parcel A | 7.81 | $3,300.00 | $25,773.00 |
| 407-36, Parcel B | 20.57 | $2,700.00 | $55,539.00 |
| 407-41 | 8.80 | $3,525.00 | $31,020.00 |
| 407-55, Parcel A and Parcel C | 19.18 | $3,525.00 | $67,609.50 |
| 407-55, Parcel B | 2.17 | $2,700.00 | $5,859.00 |
| Totals | 78.76 | | $252,559.50 |

5)      That upon payment of the aforesaid sums in the total amount of $252,559.50 into
the registry of the Court the estate described in the Amended Complaint in the
tracts of land referenced in paragraph 4 above shall vest in the United States of
America free and discharged of all claims and liens of every kind whatsoever.

5

6)    That from the funds deposited in the registry of the Court, distribution shall be made to Richard Pry and Patricia Pry in the amount of $68,566.50, as the full just compensation for the taking of the estate described in the Amended Complaint in tracts 407-22, Parcel B; 407-55, Parcel A, and 407.55, Parcel C.

7)    That from the funds deposited in the registry of the Court, distribution shall be made to Timothy E. Pry in the amount of $31,020.00, as the full just compensation for the taking of the estate described in the Amended Complaint in tract 407-41.

8)    That from that portion of the funds deposited in the registry of the Court as the full just compensation for the taking of the estate described in the Amended Complaint in tract 407-22, Parcel C, being $627.00, distribution shall be made to some, but not all, of the Heirs of Erasmus West as indicated on **Exhibit 1** attached.

9)    That from that portion of the funds deposited in the registry of the Court as the full just compensation for the taking of the estate described in the Amended Complaint in tracts 407-36, Parcel B, and 407-55, Parcel B, being $61,398.00, distribution shall be made to some, but not all, of the Heirs of Anna Horsey as indicated on **Exhibit 2** attached. Distribution to the heirs of Thomas Sim Lee Horsey is predicated on the testimony of Adrian Lee.

10)    That after the distribution of the sums described in paragraphs 6, 7, 8 and 9, above,  pursuant to 28 U.S.C. § 2042, the remaining sum on deposit in the registry

6

of the Court, representing amounts due as the just compensation with respect to Tracts 407-22, Parcel A; 407-22, Parcel C, 407-36, Parcel A; 407-36, Parcel B, and 407-55, Parcel B, shall so remain open for a period of five years from the date of entry of this Judgement fixing just compensation.  Distribution is not being made since questions remain as to who is properly entitled to these sums, and in what amounts.  If said funds remain unclaimed by persons entitled thereto within said five-year period, the Clerk of Court, without further order of this Court, shall deposit said funds in the United States Treasury in the name of the United States in trust pursuant to Title 28 U.S.C. § 2042 for the use and benefit of any person entitled thereto.

Entered this ___22nd___ day of February, 2000.

_____
HONORABLE J. FREDERICK MOTZ
United States District Judge

7